UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAKENTO BRIAN SMITH,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.
_____/

File No. 1:13-CV-302

HON. ROBERT HOLMES BELL

# **OPINION**

This matter is before the Court on Movant Lakento Brian Smith's motion, pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his sentence. (Dkt. No. 1, Mot Vacate.) For the reasons that follow, Movant's motion is denied.

## I.

The grand jury indicted Movant on four counts: (1) conspiracy to distribute and possess with intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of cocaine and fifty grams or more of a mixture or substance containing a detectable amount of cocaine base; (2) possession with intent to distribute fifty grams or more of a mixture or substance containing a detectable amount of cocaine base; (3) possession with intent to distribute five hundred grams or more of a mixture or substance containing a detectable amount of cocaine; and (4) felon in possession of a firearm. (1:06-CR-32, Dkt. No. 36, Superseding Indictment.) A jury found movant guilty of all counts. (1:06-CR-32, Dkt. No. 64, Verdict.) Movant appealed, and his conviction was affirmed on

December 28, 2007. The present § 2255 motion was filed with the Court on March 21, 2013.

**II.**

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255. To prevail on a § 2255 motion "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005) (quoting *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003)). A petitioner can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (quoting *United States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (internal quotations omitted)).

A prisoner's motion to vacate his sentence is subject to a one-year period of limitation that runs the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the

> Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

### III.

The government has filed a motion to dismiss Movant's habeas petition as untimely.(Dkt. No. 6., Mot. Dismiss.) Movant claims that *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), create new rules of constitutional law that give rise to his ineffective assistance of counsel claims. (Dkt. No. 1, Mot. Vacate 4.) Specifically, Movant contends that Counsel inaccurately advised him that his exposure under the sentencing guidelines would result in a maximum sentence of 20 years. (*Id*. at 8.) Movant asserts that he would have accepted the government's 15-19 year plea agreement if he had been advised of his exposure to a mandatory life sentence. (*Id.*) Pursuant to 28 U.S.C. § 2255(f)(3), Movant contends that the one-year statue of limitations has not expired because his claims did not ripen until the Supreme Court's decision in *Lafler* and *Frye* on March 21, 2012. However, *Lafler* and *Frye* did not create a new, substantive legal rule and Movant's claims of ineffective assistance are time-barred as a result.

Appellate and district courts that have considered the question unanimously agree that *Lafler* and *Frye* did not recognize a new right. These courts reason that *Lafler* and *Frye* merely considered the Sixth Amendment right to counsel in a fact-specific context. *In re Perez*, 682 F.3d 930, 933 (11th Cir. 2012) (per curiam) ("*Lafler* and *Frye* are not new rules

because they are dictated by *Strickland.*"); *Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012) (noting that the language in *Lafler* and *Frye* repeatedly spoke of "applying an established rule to the present facts"); *In re King*, 697 F.3d 1189, 1189 (5th Cir. 2012) (per curiam) ("*Cooper* and *Frye* did not announce new rules of constitutional law because they merely applied the Sixth Amendment right to counsel to a specific factual context."); *Buenrostro v. United States*, 697 F.3d 1137, 1139 (9th Cir. 2012) (holding that *Lafler* and *Frye* did not create a new constitutional rule); *Gallagher v. United States*, 711 F.3d 315, 315 (2nd Cir. 2013) (per curiam) ("Neither *Lafler* or *Frye* announced a 'new rule of constitutional law' . . . ."); *United States v. Ocampo*, WL 317621, --- F.Supp.2d --- (E.D. Mich. 2013) ("The right recognized by the Supreme Court in *Lafler v. Cooper* and *Missouri v. Frye* did not announce a 'newly recognized' right made retroactively applicable to cases on collateral review.").

     Consistent with other courts, this Court agrees that *Lafler* and *Frye* did not announce a "new rule." When a conviction is final, a "new rule" announced by the Supreme Court only applies if it is a substantive rule. *Schiro v. Summerlin*, 542 U.S. 348, 351 (2004). A substantive rule is one that "decriminalize[s] a class of conduct [or] prohibit[s] the imposition of [certain] punishment on a particular class of persons." *Saffle v. Parks*, 494 U.S. 484, 495 (1990). It is obvious from the language of *Lafler* and *Frye* that no new rule decriminalized Movant's conduct. Instead, the two cases merely applied the *Strickland* standard to the facts of each case. *Lafler*, 132 S. Ct. at 1384 ("The question for this Court is how to apply

*Strickland*'s prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial."); *Frye*, 132 S. Ct. at 1409 (deciding the "application of *Strickland* to the instances of an uncommunicated, lapsed plea"). Neither case proffered new legal rights.

The procedural context of *Lafler* and *Frye* further establish that the Supreme Court could not have been recognizing a new right. Both cases were decided in state courts, and a federal court may only grant relief on collateral review of a state decision if that decision violated "clearly established federal law." 28 U.S.C. § 2254(d)(1). New and retroactively applicable rules do not satisfy the "clearly established federal law" requirement. *See Williams v. Taylor*, 529 U.S. 362, 380 (2000). Consequently, the relief granted to petitioners was not the result of a new rule in either case.

Neither *Lafler* or *Frye* establish a new right. Movant's motion is time-barred pursuant to 28 U.S.C. § 2255(f)(3).

## IV.

This Court will grant Respondent's motion to dismiss as untimely (Mot. Dismiss) because Movant's motion is clearly barred by the statute of limitations.

## V.

Pursuant to 28 U.S.C. § 2253(c), the Court must also assess whether to issue a certificate of appealability to Movant. To warrant a grant of a certificate of appealability, Movant "must demonstrate that reasonable jurists would find the district court's assessment

of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The Sixth Circuit Court of Appeals has disapproved of the issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* The Court does not believe that reasonable jurists would find its assessment of Movant's claims to be debatable or wrong because Movant's claims are clearly time-barred. Accordingly, a certificate of appealability will also be denied as to each claim.

      An order and judgment consistent with this opinion shall be entered.


Dated: July 11, 2013                          /s/ Robert Holmes Bell
                                                       ROBERT HOLMES BELL
                                                       UNITED STATES DISTRICT JUDGE